Paul T. Cullen, Esq, OR SBN 962540
The Cullen Law Firm, APC
19360 Rinaldi St., #647
Porter Ranch, CA 91326
Telephone:  818-360-2529
Facsimile:  866-794-5741
e-mail: paul@cullenlegal.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| DANIEL REICHMAN, BRETT MICHAEL BITNEY, on behalf of themselves and all others similarly situated, | Case No.: 6:22-cv-734 |
| Plaintiffs, | |
| v. | **COLLECTIVE ACTION COMPLAINT FOR DAMAGES, INCLUDING, INTEREST AND ATTORNEY'S FEES FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 _et seq._, AS AMENDED.** |
| CDR MAGUIRE, INC., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Collective Action Complaint                    1

COME NOW Plaintiffs Daniel Reichman ("Mr. Reichman") and Brett Michael Bitney ("Mr. Bitney") on behalf of themselves and others similarly situated ("Plaintiff"), and bring these claims against CDR Maguire, Inc. ("CDR Maguire" or "Defendant"), alleging as follows:

## NATURE OF THE CLAIMS

1.      Plaintiff brings this action, on behalf of herself and on behalf of all other similarly-situated persons, to recover liquidated damages for unpaid wages and overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 et seq.,

2.      Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §216(b), on behalf of himself and on behalf of all other similarly-situated persons who were/are employed by Defendant with general worksite safety oversight responsibilities, including, but not limited to, Safety Officers, Monitors, and Arborists, ("Safety Workers") on the Oregon Wildfire Recovery Projects (hereinafter "OWR Projects") who work or worked in Oregon and its territories and districts from the beginning of the OWR Projects in 2020 to the final disposition of this action (herein referred to as the "Collective Class Period"). Plaintiff, and the similarly-situated persons he seeks to represent in the collective action brought pursuant to the FLSA, are herein referred to as the "FLSA Collective Class."

3.    The FLSA Collective Class members are similarly situated because Defendant denied complete and/or prompt payment for overtime hours worked pursuant to a common policy and/or practice of Defendant, and FLSA Collective Class members have not been compensated for all hours worked pursuant to a common policy and/or practice of Defendant.

4.    Plaintiff requests a jury to determine questions of fact at trial.

## JURISDICTIONAL ALLEGATIONS

5.    Plaintiffs during all relevant times to this Complaint are and were residents of the State of Oregon.

6.    All similarly situated persons for the FLSA Collective Class during all relevant times to this Complaint are or were a resident of the State of Oregon, or worked in the State of Oregon and are subject to the laws of the State of Oregon and of the United STates.

7.    Defendant CDR Maguire is Delaware corporation with headquarters in Miami, Florida that has been doing business, including hiring employees to work on OWR Projects in the State of Oregon during the Class Period.

8.    This case is timely filed within the two year statute of limitations and/or within three years for any willful act.

9.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; 28 U.S.C. § 1331; and 28 U.S.C. §1337 which is a federal statute.

10.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon in Jackson, Douglas, and Klamath counties.

11.     Plaintiff's claims are properly consolidated as a single action because Plaintiff's claims involve the same defendant, arise from the same nexus of facts and circumstances, occurred during the same period, and involve overlapping issues of fact and law.

## COLLECTIVE CLASS DEFINITION

12.    Plaintiff brings this collective class action under § 216(b) of the FLSA and against Defendant for unpaid overtime compensation, and related penalties and damages on behalf of himself and the following persons:

> All individuals who worked in Oregon as hourly paid employees in any positions for CDR Maguire, Inc. on the Oregon Wildfire Recovery Projects within the three years preceding the filing of this action to the final disposition of this action.  ("FLSA Collective Class").

/ / /

## FACTUAL SUMMARY AS TO MR. REICHMAN

13.     Mr. Reichman was employed between 2020 and 2022 by CDR Maguire to work as a Safety Officer pursuant to contracts CDR Maguire had with the State of Oregon for OWR Projects.

14.     Mr. Reichman's duties included ensuring the safety of field workers by doing inspections and reporting safety concerns arising from such inspections.

15.     Mr. Reichman was an hourly paid employee.

16.     Mr. Reichman was categorized and generally treated by Defendant as non-exempt from the overtime laws under FLSA; he was not paid a salary, and he did not have duties which would place him in an exempt category.

17.     Mr. Reichman routinely worked in excess of forty (40) hours per week.

18.     CDR Maguire knew Mr. Reichman routinely worked in excess of forty (40) hours per week and, in fact, required him to do so.

19.     Nevertheless, CDR Maguire willfully and knowingly failed to pay Mr. Reichman 1.5 times his hourly rate ("Overtime Rate") for all hours worked over forty (40) hours per week.

20.     Mr. Reichman left employment with CDR Maguire on February 28, 2022; however, at that time he was still owed for unpaid hours at the Overtime Rate, and therefore was and is still owed wages by CDR Maguire.

21.    Mr. Reichman has consented to be joined in this lawsuit, as set forth in the attached document entitled: CONSENT TO JOIN FLSA COLLECTIVE ACTION BY DANIEL REICHMAN, Exhibit A hereto.

## FACTUAL SUMMARY AS TO MR. BITNEY

22.    Mr. Bitney was first employed by CDR Maguire to work as a Task Force Leader on the OWR Projects from September of 2020 to August 1, 2021, and, in that position, he was paid premium overtime in accordance with FLSA, and this time period for Mr. Bitney is not part of this case and not included in the allegations below.

23.    On August 1, 2021, however, Mr. Bitney was promoted by CDR Maguire to work as a Safety Officer on OWR Projects CDR Maguire had with the State of Oregon, and he has been in that position from August 1, 2021 to the present.

24.    Mr. Bitney's duties as a Safety Officer included ensuring safety of field workers by doing inspections and reporting safety concerns arising from such inspections.

25.    Mr. Bitney has been an hourly paid employee since he commenced working as a Safety Officer on or about August 1, 2021.

26.    Mr. Bitney was non-exempt from the overtime laws under FLSA as a Safety Officer, because he was not paid a salary and his primary duties were not exempt duties.

27.    From August 1, 2021 to the present, Mr. Bitney has routinely worked in excess of forty (40) hours per week as a Safety Officer.

28.    CDR Maguire has known that Mr. Bitney has routinely worked in excess of forty (40) hours per week as a Safety Officer. In fact, CDR Maguire required Mr. Bitney to do so.

29.    Nevertheless, CDR Maguire willfully and knowingly failed to pay Mr. Bitney 1.5 times his hourly rate ("Overtime Rate") for all hours worked over forty (40) hours per week as a safety officer.

30.    Mr. Bitney is still employed by CDR Maguire as a Safety Officer at the time of this filing, but he has not received the over-time wages he is due as a Safety Officer and therefore is still owed wages by CDR Maguire and continues to not be paid overtime wages.

31.    Mr. Bitney has consented to be joined in this lawsuit, as set forth in the attached document entitled: CONSENT TO JOIN FLSA COLLECTIVE ACTION BY BRETT MICHAEL BITNEY, Exhibit B hereto.

/ / /

## FACTUAL SUMMARY AS TO THE COLLECTIVE CLASS

32.    The employees in the proposed class are similarly situated to the Plaintiffs as they were subjected to the same policy of non-payment of overtime and had similar duties.

33.    CDR Maguire not only failed to pay Plaintiffs their overtime wages, but in fact has an intentional policy to not pay the Overtime Rate to any non-exempt employees working for CDR Maguire in Oregon.

34.    All members of the FLSA Collective Class were non-exempt from the overtime laws under FLSA as they were not paid a salary but in fact were paid by the hour, and none of the FLSA Collective Class members had duties that would place them in an exempt category.

35.    All members of the FLSA Collective Class routinely work in excess of forty (40) hours per week.

36.    CDR Maguire was aware the FLSA Collective Class routinely work in excess of forty (40) hours per week, and CDR Maguire did in fact require the FLSA Collective Class to work over 40 hours per week.

37.    Despite CDR Maguire being aware all members of the FLSA Collective Class were working in excess of forty (40) hours per week, CDR Maguire did not pay any of the FLSA Collective Class members the Overtime Rate for all hours worked over forty (40) hours per week.

38.    CDR Maguire was required by law to pay the FLSA Collective Class members the Overtime Rate for all hours worked for all hours worked over forty (40) hours per week due to their being an exempt employee.

39.    CDR Maguire willfully and knowingly failed to pay the FLSA Collective Class members the Overtime Rate for all hours worked over forty (40) hours per week in order to maximize CDR Maguire's profits.

40.    Some of the above-mentioned employees left employment with CDR Maguire during the Class Period, however at that time all of these employees were still owed for unpaid hours at the Overtime Rate, and therefore were and our still owed wages by CDR Maguire.

41.    Alternatively, other employees are still employed by CDR Maguire and continue to work for CDR Maguire but have not been paid their overtime wages both as past due wages and present due wages.

## FIRST CAUSE OF ACTION

[Failure to Pay Overtime in Violation of 29 U.S.C. § 207]

[Entire FLSA Collective Class]

42.    Plaintiff re-alleges all paragraphs above and incorporates them herein by reference.

43.    The FLSA covers most private employers in the United States and CDR Maguire is not in one of the non-covered categories.

44.     The FLSA requires covered employers, such as Defendant, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

45.     Defendant did not correctly pay Plaintiffs and the members of the class they seek to represent for all hours worked, including paying the Overtime Rate for hours that exceeded forty hours per week.

46.     Defendant still has not paid to Plaintiffs and the members of the class they seek to represent the Overtime Rate for all hours worked over 40 hours per workweek thus Plaintiffs and the members of the class did not receive their pay for such work and are entitled to liquidated damages pursuant to the FLSA.

47.     Plaintiff and the FLSA Collective Class were not exempt from the provisions of the FLSA pertaining to overtime.

48.     Based on the above the Plaintiff and FLSA Collective Class suffered damages including lost wages, liquidated damages, attorney's fees and costs of suit, and as such Plaintiffs and the FLSA Collective Class are entitled to damages as prayed for below.

## **JURY DEMAND**

Plaintiffs hereby respectfully demand a trial by jury on all issues so triable.

/ / /

/ / /

# **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for judgment against Defendant, and each of them, as follows:

On ALL CAUSES OF ACTION:

1.    For the Court to conditionally certify the FLSA Collective Class and order notice be provided to all FLSA Collective Class members so they may participate in the lawsuit;

2.    To appoint Mr. Reichman and Mr. Bitney to representative of the FLSA Collective Class;

3.    For counsel for Plaintiffs to be appointed as the FLSA Collective Class' counsel;

4.    For damages in the unpaid overtime hours subject to proof;

5.    For liquidated damages in the amount equal to the unpaid overtime hours pursuant to 29 U.S.C. §207;

6.    For reasonable attorney's fees pursuant to the Plaintiff and class;

7.    For pre-judgment and post-judgment interest, as provided by law, at the maximum legal rate;

8.    For costs of suit herein incurred; and

/ / /

/ / /

9.    For such further relief as the Court deems just and proper.


DATED: May 17, 2022                    **The Cullen Law Firm, APC**


                                        __/s/ Paul T. Cullen, Esq.
                                        By: Paul T. Cullen, Esq.
                                        OR SBN 962540
                                        **The Cullen Law Firm, APC**
                                        Attorneys for Plaintiffs

# EXHIBIT A

# CONSENT TO JOIN FOR DANIEL REICHMAN

Paul T. Cullen, Esq, SBN OR 962540
The Cullen Law Firm, APC
19360 Rinaldi St., Box 647
Porter Ranch, CA 91326
Telephone: 818-360-2529
Facsimile: 866-794-5741
e-mail: paul@cullenlegal.com


Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| DANIEL REICHMAN, BRETT MICHAEL BITNEY, <br><br> Plaintiffs, <br> vs. <br><br> CDR MAGUIRE, INC., <br><br><br> Defendants. | Case No.: <br><br> **CONSENT TO JOIN FLSA COLLECTIVE ACTION BY DANIEL REICHMAN** |

### Consent

This document is providing consent to join this Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et. seq. ("FLSA") action by the signatory below as follows:

1. I, **DANIEL REICHMAN,** hereby agree to pursue my claims against CDR Maguire, Inc. and any related defendants or entities arising out of federal wage and hour laws including FLSA in the above titled action.

2. I understand and acknowledge that this lawsuit is being brought under the FLSA to secure unpaid overtime wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with CDR Maguire, Inc., and/or any related defendants or entities. I hereby give my consent, agree, and opt-in and

consent to join the FLSA collective class and to be bound by any settlement of this action or adjudication by the court.

3. I hereby designate Justin Prato, Esq. of Prato & Reichman, APC and Paul T. Cullen, Esq. of The Cullen Law Firm, APC to represent me in the proposed suit.

Dated: 4/11/2022

Signed: _____

**DANIEL REICHMAN**

# EXHIBIT B

# CONSENT TO JOIN FOR BRETT MICHAEL BITNEY

Paul T. Cullen, Esq, SBN OR 962540
The Cullen Law Firm, APC
19360 Rinaldi St., Box 647
Porter Ranch, CA 91326
Telephone: 818-360-2529
Facsimile: 866-794-5741
e-mail: paul@cullenlegal.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| DANIEL REICHMAN, BRETT MICHAEL BITNEY, <br><br> Plaintiffs, <br><br> vs. <br><br> CDR MAGUIRE, INC., <br><br><br> Defendants. | Case No.: <br><br> **CONSENT TO JOIN FLSA COLLECTIVE ACTION BY BRETT MICHAEL BITNEY** |

## Consent

This document is providing consent to join this Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et. seq. ("FLSA") action by the signatory below as follows:

1. I, **BRETT MICHAEL BITNEY,** hereby agree to pursue my claims against CDR Maguire, Inc. and any related defendants or entities arising out of federal wage and hour laws including FLSA in the above titled action.

- 1 -

2. I understand and acknowledge that this lawsuit is being brought under the FLSA to secure unpaid overtime wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with CDR Maguire, Inc., and/or any related defendants or entities.  I hereby give my consent, agree, and opt-in and consent to join the FLSA collective class and to be bound by any settlement of this action or adjudication by the court.

3. I hereby designate Justin Prato, Esq. of Prato & Reichman, APC and Paul T. Cullen, Esq. of The Cullen Law Firm, APC to represent me in the proposed suit.

Dated: _4/6/22_____

Signed: _____

**BRETT MICHAEL BITNEY**